UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIJUN WANG,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 21-cv-01068-BAS-KSC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO SHOW CAUSE** |

Approximately 168 days have passed since Plaintiff filed this action, yet Plaintiff still has not shown proof that she effectuated service upon Defendants in accordance with Federal Rule of Civil Procedure ("Rule") 4(m). (Pet., ECF No. 1.) Plaintiff is in default not only of Rule 4(m), but also of this Court's Order to Show Cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) ("OSC"), which functionally enlarged nearly twofold Plaintiff's deadline to submit proof of service and that was met only with Plaintiff's silence. (OSC, ECF No. 3.) Accordingly, for the reasons stated below, this Court exercises its inherent authority to dismiss this action.

**I.   BACKGROUND**

Plaintiff, represented by counsel, commenced this action on June 8, 2021 by filing petition for Writ of Mandamus. (Pet.) A summons was issued that same day. (ECF No.

- 1 -

2.) Plaintiff did not submit proof that she served any Defendant within the 90-day period prescribed under Rule 4(m).

On October 14, 2021, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for Plaintiff's failure to show that service on Defendants had been completed consistent with Rule 4(m). (OSC.) The OSC directed Plaintiff that cause could be shown by completing service of the Petition "no later than November 15, 2021," and warned Plaintiff that failure to do so "will result in the Court dismissing this action." (*Id.* 1–2.) November 15, 2021 has come and gone, yet Plaintiff still has not filed proof of service on any Defendant nor has any adversary appeared in this action.

## II.    LEGAL STANDARD

A district court may dismiss a plaintiff's action for her failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Although due process generally requires that the party have notice and opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity of advance notice and a hearing. *Link*, 370 U.S. at 630–32.

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Therefore, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal quotations omitted).

- 2 -

21cv1068

Generally, these five factors weigh in favor of *sua sponte* dismissal where a plaintiff has failed to prosecute a case or comply with an order of the court. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

## III. ANALYSIS

On balance, the above-mentioned factors weigh decisively in favor of dismissal because Plaintiff has not demonstrated compliance with the service requirements under the Federal Rules of Civil Procedure and this Court's OSC.

### A. Public's Interest in Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Plaintiff's inaction has undermined expeditious resolution. This case has been pending for nearly six months without the appearance of an adverse party or any demonstration by Plaintiff that the adverse party was properly served. The Court's attempt to prompt Plaintiff to complete this step has been met with silence. The Court cannot await indefinitely Plaintiff's response to the Court's directive to file a proof of service. Thus, the Court finds that this factor weighs in favor of dismissal.

### B. Court's Need to manage its Docket

A district court is best positioned to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court finds that Plaintiff's failure to complete the fundamental step of showing proof of service—despite the Court's OSC—has resulted in a continued delay in the prosecution of this case and has "impermissibly allowed [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cty. of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan*, 291 F.3d at 642 ("It is incumbent on the Court to manage its docket without being subject to routine noncompliance of litigants.")). Consequently , this factor weighs in favor of dismissal.

### C. Prejudice to Defendants

"To prove prejudice, a defendant must establish that [a] plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "The pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1552–53 (9th Cir. 1994); *see also Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

"Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for default." *Malone*, 833 F.2d at 131. Plaintiff was not responsive to the OSC, thus, her reasons for failing to prosecute are unknown. *See Garcia v. Fed. Bureau of Prisons*, No. 5:19-CV-00008-PSG-MAA, 2019 WL 6040412, at *4 (C.D. Cal. Oct. 21, 2019) (Report & Recommendation), *adopted*, 2019 WL 6039943 (C.D. Cal. Nov. 12, 2019). Because the presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, the third factor favors dismissal. *See id.* at *4 (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

### D. Public Policy

Public policy favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. Thus, the Court recognizes that this factor weighs against dismissal.

### E. Availability of Less Drastic Alternatives

In assessing this factor, the Court considers whether alternatives less drastic than dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

When it issued its OSC, this Court afforded Plaintiff with a less drastic alternative to dismissal. It did so by extending the 90-day period delineated under Rule 4(m) to show proof of service and warning Plaintiff of the consequences failure to do so would entail. As mentioned above, the OSC was met with silence. After 168 days without Plaintiff's filing of proof of service, this Court concludes that less drastic alternatives to dismissal are not available in these circumstances.

On balance, four out of five factors weigh in favor of dismissal. Accordingly, the Court exercises its inherent authority to dismiss the Complaint without prejudice. *See O'Brien v. Visa USA, Inc.*, 225 F. App'x 677, 678 (9th Cir. 2007) (affirming dismissal for failure to prosecute where plaintiff "did not establish that he served process on any defendant within" the time period prescribed in Rule 4(m)); *Shakar R. v. Saul*, No. 5:19-CV-01716 FMO (ADS), 2020 WL 2319877, at *1 (C.D. Cal. May 11, 2020) (dismissing for failure to file a proof of service or comply with an OSC requiring the same).

### IV. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action in its entirety based on Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Court Clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: November 23, 2021**

Hon. Cynthia Bashant
United States District Judge